In the United States Court
for the District of Puerto Rico

| | |
|---|---|
| Juan E. Correa-Zayas,<br><br>Plaintiff,<br><br>v.<br><br>Luisa Miranda-Menchaca, Et Al.<br><br>Defendants. | Civ. No.: 15-1585 (SCC) |

**OMNIBUS OPINION AND ORDER**

The parties have filed 3 motions *in limine* for the court's consideration at Docket Nos. 108, 109, and 110. Oppositions thereto, at Docket Nos. 111 and 112. In summary, plaintiff moves the court to exclude any evidence regarding the injuries suffered by B.J. and the photographs depicting the injuries; the report prepared by Dr. Osmar Rivera and his testimony and any reference to the theory that it was Boinayer, not BJ, who caused the injuries to plaintiff. Defendants, in turn, move the Court to exclude any reference

to the existence of an insurance policy and to exclude Mr. Jaime Medina Rivera's expert testimony.

I will rule on these requests *seriatim*:

### (i) The injuries suffered by BJ (Dkt. No. 110)

It is plaintiff's contention that evidence relating to BJ's injuries should be excluded on two grounds. First that defendants did not file a counterclaim for the damages suffered by their dog; and second, that this evidence lacks probative value. The Court disagrees. This evidence is not presented in support to a claim for damages for injuries sustained by BJ but rather to show the circumstances surrounding the incident that gave rise to the complaint. The Court thus finds that the evidence is relevant under Fed. R. Evid. 401.

Now we turn to whether the photographs are inflammatory and should be excluded under Fed. R. Evid. 403 because their probative value is outweighed by the danger of unfair prejudice. The Court finds that the photographs depict the condition of the dog and are not unduly prejudicial or gruesome. They do not depict BJ's face

in anguish or bleeding, but rather the extent of his injuries, which in turn may be used by the trier of facts to make inferences regarding the incident and the decisions taken by the plaintiff on that day. Photos are admissible if helpful to the trier of facts understanding of a fact of consequence in the litigation. *See* Michael H. Graham, <u>Handbook of Federal Evidence</u> § 401:7 (8th ed. 2018). However, the photographs may not be shown during opening statement, since they are not exhibits yet. They may be admitted only after the laying of proper foundation and authentication. *See* Fed. R. Evid. 901.

### (ii) Dr. Osmar Rivera's Report and Testimony (Dkt. 110)

Dr. Rivera is not proferred as an expert, but rather as a treating physician. His testimony has probative value regarding the condition of BJ after the fight with Boinayer. He may testify as to the treatment afforded and his impressions of the condition of BJ while under his treatment. Dr. Rivera's Report on the other hand is hearsay. It does not fall under any of the exceptions, since it is not a record kept within the Dr.'s

regular course of business and it was written at Ms. Miranda-Menchaca's behest. *See* Fed. R. Evid. 803(6). It is, however, a prior statement made by Dr. Rivera and may be used by either party to refresh his recollection or to impeach him. *See* Fed. R. Evid. 612 and 613.

### (iii) Defendants' theory that Boinayer caused plaintiff's injuries (Dkt. 110)

Defendants have asserted, from the Answer to the Complaint at Docket. No. 11, to the Proposed Pretrial at Docket No. 106, that plaintiff's injuries were the result of his own doing by intervening between the dogs. The factual pattern that led to plaintiff's intervention, the intervention itself and the events that followed are all in controversy and for the trier of facts to decide. It is clear from the record that plaintiff was injured during the intervention. Plaintiff posits that it was BJ that injured him; while P.E.M. and José Hernández Santana have stated that they don't know.

Plaintiff's request that defendants be precluded from presenting this defense would strip the jury from making a credibility assessment as to plaintiff's testimony. If the jury

fails to believe plaintiff's version, then, the conclusion will be that Boinayer bit him, since there were no other dogs involved in the fight and nothing in the record suggests that plaintiff could have been possibly injured in any other way. Defendants may explore this defense and may mention it in opening statement, with the caveat, that defendants may say that it is their theory, but not a certainty. It will be a matter for the trier of facts to decide based on credibility assessments and inferences.

### (iv) The exclusion of the existence of insurance coverage (Dkt. No. 108)

Defendants move the court for the exclusion of evidence relating to the existence of an insurance policy issued by Universal. Universal is a defendant in this case and was impleaded as the issuer of a liability policy to codefendants Miranda- Menchaca and López.

Since plaintiff expressed in its Omnibus Opposition at Docket No. 111, that it would be amenable to a possible stipulation on this issue, the Court invites the parties to stipulate the matter. If the parties have not reached a

stipulation by the beginning of trial, the Court will rule on the same.

### (v) Jaime Medina Rivera's Expert Testimony (Dkt. No. 109)

Mr. Medina Rivera has been announced as an expert witness on dog behavior. Defendant's object to the inclusion of his testimony on the basis that (1) he did not render an opinion on the conduct of the dogs involved in the incident; (2) he did not follow scientific methodology as to the formulation of his expert opinion; (3) his opinions are not relevant; and (4) his opinions do not assist the jury in understanding the essential facts or the evidence in this case. *See* Docket No. 109 at pg. 2.

The Court finds that Mr. Medina Rivera's opinion is not case-specific and that he did not follow a scientific methodology in his expert report. However, his opinions may be relevant and may assist the jury in its fact-finding mission because of his general knowledge of canine behavior. "The touchstone for the admission of expert testimony in federal court litigation is Federal Rule of Evidence 702." *Crowe v.*

*Marchand*, 506 F.3d 13, 17 (1st Cir.2007). The Advisory Committee Notes to Rule 702 state, in pertinent part, that "the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience."[1] *See also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 156 (1999) (stating that "no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience.") But if the expert is "relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Advisory Committee's Notes on Fed. R. Evid. 702.

Consequently, Mr. Medina Rivera may testify as to general canine knowledge and behavior, but the Court will

---

[1] The notes further state: "Nothing in this amendment is intended to suggest that experience alone--or experience in conjunction with other knowledge, skill, training or education--may not provide a sufficient foundation for expert testimony."

permit defendants to conduct *voir dire* before his testimony to define its scope and specific areas of expertise.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of December, 2018.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES MAGISTRATE JUDGE